IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT PRESTON HOWARD, #288439     *
           Petitioner,
    v.                                      *     CIVIL ACTION NO.  JKB-16-2972

RICKY FOXWELL, *et al*.                *
           Respondents.
                                           *****

MEMORANDUM

On August 25, 2016, a court-construed 28 U.S.C. § 2241 petition for habeas corpus was received for filing from Robert Preston Howard, an inmate currently housed at the Central Maryland Correctional Facility in Jessup. The action represents a challenge to Howard's computation of his sentence structure. In essence, he claims that his sentences should be read to run concurrently, not consecutively, and he has been confined beyond his mandatory release date. ECF No. 1.

Respondents filed a court-ordered response, which remains unopposed as of the within signature date.[1] ECF No. 4. They assert that the petition should be denied and dismissed because Howard has not exhausted his state court remedies prior to filing this action and several sentences imposed on Howard are consecutive, not concurrent. They maintain that Howard is not being held beyond his maximum expiration release date or his mandatory supervised release date.

Respondents first argue that Howard has not sought collateral review in state court challenging the computation of his commitment record prior to his filing this petition. A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See*

---

[1] Howard was ordered to remit the $5.00 habeas corpus fee or to move to proceed in forma pauperis. ECF No. 2. His subsequent motion for leave to proceed in forma pauperis (ECF No. 3), shall be granted.

*Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).  Howard does not dispute the fact that he has not exhausted his remedies.[2]  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

Even if his claim could be considered exhausted, Respondents further maintain that the record submitted shows that Howard is serving multiple sentences, a number of which are to be served consecutively, not concurrently.  The unchallenged record demonstrates that on September 15, 1999, Howard was sentenced in the District Court for Baltimore City to one year on a drug charge, commencing May 26, 1999.  ECF No. 4, Ex. A.    Further, on October 13, 1999, Howard was sentenced in the Circuit Court for Baltimore County to twenty years, with all but fifteen years suspended, for robbery with a deadly weapon and fifteen years, with all but five years suspended, for unlawful use of a handgun in the commission of a crime of violence.  The five year sentence was to be served without parole.  The two sentences (total time of fifteen years) were to commence on March 25, 1999, and were to be served concurrent with any outstanding or unserved sentences.  ECF No. 4, Ex. B.

---

[2]     An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by

  1. Filing a petition for writ of habeas corpus in a Circuit Court;

  2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

  3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

In addition, on October 28, 1999, the Circuit Court for Baltimore City sentenced Howard in three separate cases. In the first case, Howard was sentenced to ten years for robbery with a deadly weapon and five years for unlawful use of a handgun in the commission of a crime of violence, to be served concurrently. In the second case, Howard was sentenced to five years for robbery with deadly weapon, to be served concurrently with his robbery count in the first case, and five years for unlawful use of a handgun in the commission of a crime of violence to be served consecutively to the robbery count in the first case. In the third case, Howard was sentenced to five years for robbery with a deadly weapon to be served concurrently with the handgun count in the second case, and five years for unlawful use of a handgun in the commission of a crime of violence to be served consecutively to the handgun count in the second case. ECF No. 4, Ex. C. The cumulative sentence commenced on March 26, 1999, totaled twenty years, and was to be served concurrently with any other outstanding or unserved sentences. Respondents indicate that the maximum expiration date of Howard's term of confinement based on those convictions was March 26, 2019. ECF No. 4, Ex. D.

On April 5, 2000, the Circuit Court for Baltimore County sentenced Howard to ten years for robbery with a dangerous weapon to be served consecutively to any and all previously imposed sentences and ten years for unlawful use of a handgun, five of which was to be served without the possibility of parole, to be served concurrently with the robbery count. ECF No. 4, Ex. E. Howard was awarded 245 days credit for time served prior to and including the date of sentencing. Respondents affirm that as a result of this consecutive sentence, Howard's maximum expiration date became July 24, 2028. ECF No. 4, Ex. D.

On December 9, 2008, the Circuit Court for Baltimore City sentenced Howard to thirteen years of confinement for second-degree murder, commencing August 6, 2006. The sentence was to

3

be served concurrently with any other outstanding and unserved sentences.  ECF No. 4, Ex. F. Howard's maximum expiration date was not affected.

Respondents maintain that Howard's total time to be served is twenty-nine years and four months, commencing on March 25, 1999, which results in a term of incarceration with a maximum expiration date of July 24, 2028.  They argue that he has been awarded 2995 days of diminution credits (local, good conduct, industrial, education, special project credits) and, when subtracting these credits from his maximum expiration date, as of November 2, 2016, Howard has a projected mandatory supervision release date of May 12, 2020.  ECF No. 4, Exs. D & G.

It thus appears that Howard's claim that he is being held beyond his maximum release date is not supported by the unopposed record.  Further, Howard acknowledges that he has not exhausted his state court remedies prior to filing his petition.  ECF No. 1, p. 6 at ¶ 16.  The petition shall therefore be dismissed without prejudice.  The court declines to issue a certificate of appealability.  A separate Order follows.


Date: <u>December 5, 2016</u>              _____/s/_____
                                             James K. Bredar
                                             United States District Judge